Gillespie v. Badgett.

CAMPBELL GILLESPIE *v.* B. F. BADGETT.

EJECTMENT. *Levy of justice's execution based on certified execution. Judgment must be produced.* A purchaser at sheriff's sale of land, levied upon by a justice's execution in one county based upon a certified execution from another county, condemned and sold under the provisions of the Code, sec. 3073, must, in order to sustain an action of ejectment for the recovery of the land, produce the judgment on which the certified execution issued.

FROM KNOX.

Appeal in error from the Circuit Court of Knox county. E. T. HALL, J.

CORNICK & CORNICK and T. S. WEBB for Gillespie.

HENDERSON & JOUROLMON for Badgett.

Gillespie *v.* Badgett.

COOPER, J., delivered the opinion of the court.

Action of ejectment, in which the verdict and judgment were in favor of the defendant, and the plaintiff appealed in error. On the 13th of January, 1876, a justice of the peace of Knox county issued an execution against the defendant upon the certified execution of a justice of Blount county, under the Code, sec. 3073. The execution thus issued was levied on the land in controversy, and the papers returned to the Circuit Court of Knox county, the land condemned and sold, and the plaintiff became the purchaser. On the trial he read the sheriff's deed and the proceedings of condemnation, including the certified execution from Blount county, but not the judgment in that county on which the certified execution was based, nor the proceedings by virtue of which it was rendered. The court charged the jury that the plaintiff, in order, to make out his title, must produce the judgment on which the certified execution issued. The plaintiff assigns error on this part of the charge, insisting that it was sufficient to produce the proceedings of condemnation in Knox county.

It has been uniformly held in this State that the plaintiff in ejectment, who claims under a sheriff's deed, must produce the record of the judgment by virtue of which the process was issued, under which, or proceedings on which, the lands were eventually sold, so that the court might see that there was jurisdiction to render the judgment. *Stinson* v. *Russell*, 2 Tenn., 40; *Darby* v. *Russell*, 5 Hay., 139; *Kimbrough*

v. *Benton*, 3 Hum., 129; *Mitchell* v. *Lipe*, 8 Yer., 179. It is by force of the record and sale that the sheriff's deed can be noticed in ejectment. Undoubtedly the proceedings of condemnation would be sufficient to sustain the sale by the express provision of the statute, if there be a valid judgment. But those proceedings will not sustain an action of ejectment without a production of the judgment, for it is the judgment which alone give them validity. If there be no judgment, or if, when produced, it shows a want of jurisdiction in the court or justice rendering it, the title necessarily fails. The plaintiff having failed to produce the evidence essential to his title, it is useless to consider whether the court or the plaintiff's counsel was in error upon the point of the notice of sale to the judgment debtor. The presumption is in favor of the court, that the notice was not in evidence, the burden being upon the plaintiff to show error. The affidavit for a new trial is clearly insufficient.

There is no error in the judgment, and it must be affiirmed with costs.